UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES R. RUCKER, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:19-cv-00240 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN GENOVESE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

James R. Rucker, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in the Davidson County Criminal Court for second-degree murder for which Petitioner is serving a sentence of 32 years in the Tennessee Department of Correction. (Doc. No. 1).

Respondent has filed a motion to dismiss the petition as time-barred (Doc. No. 13), and Petitioner has responded to the motion in opposition. (Doc. No. 17). The petition is ripe for review, and this Court has jurisdiction pursuant to 28 U.S.C. § 2241(d).

**I. Procedural History**

On April 27, 2009, Petitioner was indicted in the Davidson County Criminal Court for first-degree premeditated murder and employing a firearm during the commission of a dangerous felony. (Doc. No. 12, Attach. 1, PageID# 45-48; Attach. 6, PageID# 87). On May 29, 2009, Petitioner pled guilty to the lesser-included offense of second degree murder. The trial court sentenced Petitioner to 32 years as a Range II multiple offender, and the judgment of conviction was entered on July 2, 2009. (Doc. No. 12, Attach. 1, PageID# 52-56; Attach. 6, PageID# 87, 89).

1

On March 26, 2010, Petitioner filed a petition for writ of error coram nobis in the trial court under Tenn. Code Ann. § 40-26-105, challenging his sentencing as a Range II multiple offender. (Doc. No. 12, Attach. 4, PageID# 79-83; Attach. 6, PageID# 89). On December 18, 2012, the trial court dismissed the error coram nobis petition at Petitioner's request. (Doc. No. 12, Attach. 6, PageID# 89, 91).

On October 16, 2018, Petitioner filed a second petition for writ of error coram nobis in the trial court, seeking a new trial based upon documents disclosed to him by the Davidson County district attorney general's office on April 23, 2018, pursuant to a public records request. Petitioner acknowledged that his petition was untimely and sought tolling of the one-year statute of limitations, arguing that the delay in receiving evidence from the district attorney general was not his fault. (Doc. No. 12, Attach. 1, PageID# 57-62; Attach. 6, PageID# 89). By order filed on January 2, 2019, and in an amended order filed on January 9, 2019, the trial court denied the petition; the court concluded that Petitioner failed to show his entitlement to due process tolling of the one-year statute of limitations and, applying <u>Frazier v. State</u>, 495 S.W.3d 246 (Tenn. 2016), concluded that Petitioner could not collaterally challenge his conviction in an error coram nobis petition. (Doc. No. 12, Attach. 1, PageID# 69-72; Attach. 6, PageID# 89).

Petitioner initially appealed the trial court's decision. (Doc. No. 12, Attach. 6, PageID# 89). However, on March 25, 2019, Petitioner moved for a voluntarily dismissed of the appeal, acknowledging the Tennessee Supreme Court's decision in <u>Nunley v. State</u>, 552 S.W.3d 800 (Tenn. 2018), in which the court concluded that a claim of suppressed evidence raised under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), may not be litigated in a petition for writ of error coram nobis. (Doc. No. 12, Attach. 2, PageID# 76-77). The Tennessee Court of Criminal Appeals granted the

motion and dismissed the appeal by order filed on March 27, 2019. (Doc. No. 12, Attach. 2, PageID# 78).

On March 14, 2019,[1] Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1 at 16). By Order entered on April 29, 2019, the Court ordered Respondent to file an answer, plead or otherwise respond to the petition. (Doc. No. 7). Respondent filed a motion to dismiss the habeas corpus petition on May 10, 2019 (Doc. No. 13), and Petitioner filed a response in opposition to the motion (Doc. No. 17). That motion is now before the Court.

## II.     Standard of Review

Rule 8(a) of the Rules Governing Section 2254 Cases permits the Court to examine the petition, the answer, and the state court record to determine whether an evidentiary hearing is warranted. If no hearing is warranted, the Court may dismiss the petition on the merits without a hearing. Habeas Rule 8(a).

Having fully considered the record, the Court finds that an evidentiary hearing is not needed.

## III.    Analysis

In his motion to dismiss, Respondent contends that the instant petition is time-barred and must be dismissed. (Doc. No. 17).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.), prisoners have one year within which to file a petition for habeas corpus relief that runs from the latest of four circumstances. The

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Here, Plaintiff signed and dated his petition on March 14, 2019, although the Clerk's Office did not receive and file the petition until March 25, 2019. Under the prison mailbox rule, the Court considers March 14, 2019, as the date of filing.

3

relevant circumstance here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See id. (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)). That is because "[t]he rolling provision does not 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulman, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). The Court has the authority to sua sponte raise the statute of limitations and dismiss untimely motions for federal habeas corpus relief. See Day v. McDounough, 547 U.S. 198, 209 (2006).

Here, Petitioner's judgment of conviction was entered on July 2, 2009. He did not seek a direct appeal or file a petition for state post-conviction relief. "The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or specified post-trial motion is filed." State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003) (citing Tenn. R. App. P. 4(a) and (c); State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)). Therefore, Petitioner's judgment became final thirty days after July 2, 2009, or on August 1, 2009. The AEDPA statute of limitations began running on the next

day, August 2, 2009, and continued to run for 233 days until the date Petitioner signed and postmarked his first petition for writ of error coram nobis.

The statute of limitation was tolled under 28 U.S.C. § 2241(d)(2) through, at the latest, January 17, 2013—30 days after the trial court dismissed the first petition for writ of error coram nobis at Petitioner's request, which occurred on December 18, 2012. See Clark v. Lindamood, No. 3:17-cv-0968, 2018 WL 346230, at *3 n.4 (M.D. Tenn. Jan. 10, 2018) (recognizing an open question as to whether tolling applies for 30 days after trial court's dismissal of collateral review petition where appeal could have been filed but was not filed). Petitioner then had 131 days—until May 28, 2013—to complete and file a timely petition.

Petitioner filed his federal habeas petition on March 14, 2019, nearly six years beyond the AEDPA's one-year limitations period. Therefore, the petition was not timely filed.[2]

However, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-49 (2010). A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish "that he has been pursuing his rights diligently." Id. at 650 (internal quotation marks omitted). And second, the petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation marks omitted). Equitable tolling is applied "sparingly" and evaluated on a case-by-case basis by federal courts when a petitioner's "failure to meet a legally-mandated deadline unavoidably arose from circumstances" beyond the petitioner's

---

[2] Although Petitioner filed a second petition for writ of error coram nobis, that petition had no tolling effect on the AEDPA statute of limitations because Petitioner filed the petition on October 16, 2018, which was well after the AEDPA statute of limitations had expired. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman , 346 F.3d 598, 602; Johnson v. Westbrooks, No. 3:13-cv-430, 2013 WL 1984395, at *1 (M.D. Tenn. May 13, 2013) ("Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitations.").

control. Keeling v. Warden, 673 F.3d 452, 462 (6th Cir. 2012) (citing Robinson v. Easterling, 424 F. App'x 439, 442 (6th Cir. 2011); Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011)). The petitioner bears the burden of showing that he is entitled to equitable tolling. See McClendon, 329 F.3d 490, 494.

In his response to Respondent's motion to dismiss, Petitioner asserts that he is entitled to equitable tolling of the AEDPA statute of limitations because he could not have filed his habeas corpus petition more promptly. According to Petitioner, his Brady claim and the related claim of ineffective assistance of counsel are based upon certain records that he received from the district attorney general's office on April 23, 2018, pursuant to a public records request, and he filed his federal habeas petition promptly after receiving those records.

In considering Holland's requirements for equitable tolling, the Court first will consider whether Petitioner has established that he has been pursuing his rights diligently. See 560 U.S. 631, 650 . Petitioner points out that defense counsel requested all exculpatory evidence during pre-trial discovery in his underlying criminal case (Doc. No. 17 at 3) and, on October 23, 2008, the State responded to his request for discovery as follows:

> In accordance with the decision in Brady v. Maryland, 373 U.S. 83 (1963), all items of exculpatory nature, if any there be, will be furnished to defense counsel if and when any such item or information becomes known to the State . . . Defense counsel may assume that any specific request which is not answered is either not discoverable or the information requested is not available. The State cannot provide evidence material to the defense or exculpatory to the defendant until such is made known to the State.

(Id. at 2) (purportedly quoting the State's response at subsection 8).[3] Petitioner argues that, "[s]ince the state promised to provide such evidence if the item or information became known to them, there was nothing else for the Petitioner to do but wait." (Id.) According to Petitioner, he

---
[3] Petitioner did not provide this document to the Court, and Respondent did not include it in the portions of the record submitted in support of Respondent's motion to dismiss.

"should not be held accountable for not continuing to seek exculpatory evidence that he had no way of knowing of its existence" because "[i]t was only after he received copies of other documents requested from the District Attorney's file that he discovered the state was withholding evidence." (Id. at 2-3).

But Petitioner's argument proves too much. He did not simply wait until the State provided exculpatory evidence to him. At some point after the conclusion of Petitioner's state criminal and collateral proceedings, he "made several request[s] under the Tennessee Open Records Act requesting the DA case file." (Doc. No. 1 at 14). And "[f]inally, on April 23, 2018, the Petitioner received several documents from the District Attorney's Office." (Id.) These documents contain the evidence on which Petitioner now relies for his Brady and ineffective assistance of counsel claims.

Petitioner has not provided the dates on which he made the open records requests or any information as to how he made those requests. Records in the possession of the district attorney general are subject to public disclosure once a criminal defendant's judgment of conviction becomes final and once collateral review proceedings are completed and unavailable. See Swift v. Campbell, 159 S.W.3d 565, 576 (Tenn. Ct. App. 2004) (concluding that district attorney general files are not subject to disclosure as a public record "as long as the criminal conviction associated with the records being sought is being collaterally attacked"); Tennessean v. Metro. Gov't of Nashville, 485 S.W.3d 857, 874 (Tenn. 2016) ("We hold that, based on [Tenn. R. Crim. P. 16], the Petitioners have no right to the requested information during the pendency of the criminal cases and any collateral challenges to any convictions."). Petitioner's collateral challenges concluded no later than thirty days after December 18, 2012.

As explained above, the latest date on which Petitioner could file a timely Section 2254 petition was May 28, 2013. Because Petitioner does not provide the Court with any information or explanation as to when and how he made requests under the Tennessee Public Records Act, the Court cannot determine what attempts Petitioner made to secure the files within the possession of the district attorney general's office in the nearly **five years** between May 23, 2013, and when he received the records on April 23, 2018. That is to say, the Court cannot determine whether Petitioner was "pursuing his rights diligently" during the half-decade that passed. Holland, 560 U.S. 631, 650.

Furthermore, the record reveals that, after receiving the records in April 2018, Petitioner filed a second petition for writ of error coram nobis in October 2018, relying on those records to support his claim for relief. Petitioner does not explain why he did not file his federal habeas corpus petition as promptly as he filed his second error coram nobis petition. See Turner v. Johnson, No. 3:14-cv-01790, 2015 WL 881663, at *4 (M.D. Tenn. Mar. 2, 2015) (stating that a habeas corpus petitioner's "intervening efforts to exhaust his remedies in state court do not excuse his knowingly delaying" filing of an "already-late habeas petition."). From the dates provided in the record, an inference can be drawn that Petitioner only filed his federal petition after he realized that his second coram nobis petition would not be successful.

The burden of showing due diligence to come within the later starting date of the statute of limitations in § 2244(d)(1)(D) is on the habeas petitioner. McClendon, 329 F.3d 490, 494. Here, the date on which Petitioner alleges he discovered relevant facts so as to come within Section 2244(d)(1)(D) is April 23, 2018, when Petitioner received certain files from the district attorney general's office. However, the record has not been adequately developed for the Court to determine when Petitioner in the exercise of due diligence could have discovered the factual basis

8

of his Brady claim and thus, whether his Section 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1)(D). Specifically, when did Petitioner decide to stop relying on the State's assurance to provide him with all exculpatory evidence and begin filing requests pursuant to the Tennessee Open Records Act? Petitioner has never moved for discovery or an evidentiary hearing to assist the Court with these answers, and Habeas Rule 6 provides for discovery only on motion and for good cause shown. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted). Although Petitioner may have felt that he was pursuing his rights diligently, he has not carried his burden to show that he is entitled to equitable tolling.

Finally, a "credible showing of actual innocence" also may permit a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). A petitioner must show "'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence.'" Id. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). A "credible claim of actual innocence is extremely rare," Souter v. Jones, 395 F.3d 577, 600 (6th Cir. 2005), and it "should 'remain rare' and 'only be applied in the extraordinary circumstance.'" Id. at 590 (quoting Schlup, 513 U.S. at 321). Notably, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted).

Here, Petitioner offers no new evidence of his innocence. See Schlup, 513 U.S. at 329. Because Petitioner has failed to provide evidence of his actual innocence, he is not excused from the statute of limitations.

**IV.     Conclusion**

In summary, Petitioner has not presented any basis for concluding that equitable tolling applies. Accordingly, the Court finds that the present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(D) and may not be considered on the merits by this Court. Accordingly, the petition will be denied, and this action will be dismissed.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason might disagree with the resolution of Petitioner's claims, the Court will grant a COA. See Jefferson v. United States, 730 F.3d 537, 546 (6th Cir. 2013) (holding that the limitations period requiring motions to vacate, set aside, or correct sentence be filed within one year of date on which facts supporting claim could have been discovered through exercise of "due diligence" does not require a defendant to repeatedly seek out evidence that the government had a constitutional duty to disclose). But cf. Minor v. Warden, Lebanon Corr. Inst., No. 1:08-cv-583, 2014 WL 1960683, at **3-4 (May 15, 2014) (distinguishing Jefferson and noting that "[t]he

case does not support a blanket exception to the statute of limitations whenever a Brady claim is asserted").

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE